## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **ROBERT RALPH DIPIETRO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | **NO. 4:18-CV-00179-CDL-MSH** |
| **JAMES F. BARRON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Robert Ralph DiPietro, a prisoner currently confined at the Rutledge State Prison in Columbus, Georgia, has filed a motion for leave to appeal the March 27, 2019 Order of the United States Magistrate Judge denying appointed counsel (ECF No. 16). Plaintiff has also moved for leave to amend his Complaint (ECF No. 17) and for a court order to "prevent retaliation" (ECF No. 18). For the following reasons, Plaintiff's motion for leave to appeal is **DENIED** to the extent Plaintiff seeks leave to appeal to the Eleventh Circuit, but the Court will liberally construe this motion as Plaintiff's objections to the Order denying counsel and overrule those objections. In addition, Plaintiff's pending motion to amend is **DENIED as moot**, and his motion for an order to prevent retaliation is **DENIED**.

### I.    Motion for Leave to Appeal

Plaintiff seeks leave to appeal the Magistrate Judge's order denying appointed counsel to the Eleventh Circuit Court of Appeals. *See* Mot. Leave Appeal 1, ECF No. 16. To the extent Plaintiff intends to appeal the Magistrate Judge's order to Eleventh Circuit,

he has failed to allege a basis for taking such appeal. Plaintiff is not entitled to an immediate appeal of the Magistrate Judge's order denying appointed counsel pursuant to 28 U.S.C. § 1291. *See, e.g., Holt v. Ford*, 862 F.2d 850, 851 (11th Cir. 1989) (en banc) (holding that "an order denying a motion for appointed counsel in an in forma pauperis action brought pursuant to 42 U.S.C. § 1983" is not "immediately appealable under 28 U.S.C. § 1291"). Nor is Plaintiff entitled to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). To appeal an otherwise non-appealable order under § 1292(b), the district court must certify that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). The Court declines to do so in this case. Thus, Plaintiff's motion to appeal to the Eleventh Circuit (ECF No. 16) is **DENIED**.

This Court can, however, review the substance of the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72. Rule 72(a) permits a party to object to a magistrate judge's order resolving a "pretrial matter not dispositive of a party's claim or defense" within fourteen days after being served with a copy of such order. Fed. R. Civ. P. 72(a). Where a party objects, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The Court will therefore liberally construe Plaintiff's motion for leave to appeal as his objections to the Magistrate Judge's March 27, 2019 order denying appointed counsel.

Plaintiff contends that the Magistrate Judge erred by concluding that the facts in Plaintiff's Complaint were not complicated and the law governing Plaintiff's claims was not sufficiently novel or complex to warrant the appointment of counsel. Mot. Leave Appeal 1, ECF No. 16. Plaintiff also states that the Magistrate Judge erred by concluding that the Plaintiff did not need assistance presenting the essential merits of his claims to the Court. *Id.* Plaintiff argues that he consulted with "over 30 civil and human rights attorneys as well as the A.C.L.U. and the Souther[]n Center for Human Rights," and "it was a unanimous opinion that [his] case was very complicated and difficult to prove. So much so that no attorney would agree to take on the case." *Id.* at 1-2. Plaintiff further states that these attorneys advised him that cases filed under the Prison Litigation Reform Act ("PLRA") are "very complicated" and that winning his case would require a "specialized and qualified attorney with not only the P.L.R.A. but also specialized and qualified" in mental health and dental "policies, procedures and standards." *Id.* Plaintiff further contends that his "access to the courts has been restricted to the point of being unable to do law work" because the prison library is only open limited hours and the legal materials therein are limited and out-of-date. *Id.* at 5-6. Plaintiff also expresses general concerns about his lack of legal expertise and hypothesizes that Defendants will retaliate against him or transfer him in an effort to hinder the prosecution of this case. *Id.*

"Appointment of counsel in a civil case is not a constitutional right." *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (per curiam). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad

discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* As the Magistrate Judge observed, the process of reviewing prisoner complaints for frivolity is routine and not an "exceptional circumstance" requiring the appointment of counsel. The facts and legal issues presented in this case are not "so novel or complex as to require the assistance of a trained practitioner" at this time. *See, e.g., Nelson v. McLaughlin*, 608 F. App'x 904, 905 (per curiam) (holding that "claims of retaliation, deliberate indifference to his medical needs, and violation of his right to access to the courts" were not "sufficiently novel or complex so as to cause exceptional circumstances"); *Wright*, 562 F. App'x at 777 (holding that medical treatment and excessive force claims were "not complicated or unusual" and the law governing them was not "novel or complex," thus district court did not err in denying appointed counsel). Plaintiff was also able to effectively communicate the merits of his Complaint to the Court; indeed, the Magistrate Judge ordered service on several of Plaintiff's claims. *See Nelson*, 608 F. App'x at 905 (district court did not abuse discretion in denying counsel where prisoner "articulated his claims for relief in his complaint and filed several responsive pleadings and motions before the district court in which he accurately cited the essential facts, legal arguments, and relevant law"). Moreover, the Magistrate Judge clearly stated that Plaintiff could file a renewed motion for appointed counsel if more complex or novel issues present themselves as this litigation progresses.

To the extent Plaintiff alleges that he is or may be unable to access the legal materials that could assist him in prosecuting his claims, "[t]his is in essence an access to

courts claim, for which the plaintiff[] must show 'actual injury'—in other words, the plaintiffs must demonstrate that they had a legitimate claim that they were unable to pursue due to the prison's restrictions." *Bass v. Perrin*, 170 F.3d 1312, 1320 n.13 (11th Cir. 1999). Plaintiff has not made any such showing here, and nothing in the Magistrate Judge's Order would prevent Plaintiff from raising an access-to-courts claim if he believes he is unable to adequately prosecute this case due to the prison's restrictions. And as discussed in Section III, *infra*, Plaintiff's concerns that Defendants may retaliate against him are not factually supported in his motion and cannot therefore serve as a basis for appointment of counsel.

In sum, while Plaintiff, "like any other litigants," may benefit from the assistance of counsel, *Bass*, 170 F.3d at 1320, his claims are not so unusual that the Magistrate Judge's decision to deny counsel at this stage of the litigation was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (district judge may reconsider pretrial matters pending before the court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Thus, to the extent Plaintiff's motion to appeal can be construed as his objections to the Magistrate Judge's order denying counsel, they are overruled.

## II.     Motion to Amend Complaint

Plaintiff has also filed a motion to amend his Complaint (ECF No. 17). Plaintiff states, "There are several other defendants that need to be added to my complaint," and while "[s]ome of the new defendants are unknown," Plaintiff believes he "will be able to

identify them during discovery." Mot. Am. Compl. 1, ECF No. 17. Plaintiff did not attach a copy of his proposed amended complaint to his motion for leave to amend.

At this stage of the litigation, Plaintiff may amend his Complaint once as a matter of right. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which ever is earlier."). In other words, Plaintiff is not required to file a motion to amend in order to amend his pleading once before a responsive pleading has been filed. *See Toenniges v. Georgia Dep't of Corr.*, 502 F. Appx. 888, 889 (11th Cir. 2012) (per curiam). Plaintiff's motion to amend his Complaint (ECF No. 17) is therefore **DENIED as moot.** If Plaintiff intends to amend his Complaint once as a matter of right, he is directed to promptly file his Amended Complaint with the Court in accordance with Federal Rule of Civil Procedure 15(a)(1). If Plaintiff wishes to amend his Complaint further after discovery, he must comply with Federal Rule of Civil Procedure 15(a)(2) (requiring "the opposing party's written consent or the court's leave").[1]

### III.    Motion to Prevent Retaliation

Plaintiff has also filed a "Motion to prevent Retaliation by Prison Officials, for bringing [his] lawsuit" (ECF No. 18). In this motion, Plaintiff contends that he is "now in

---

[1] To the extent Plaintiff may be required to seek leave of Court to amend his Complaint in this case, Federal Rule of Civil Procedure 15(a)(2) requires the Court to "freely give leave" to amend "when justice so requires."

fear of [his] safety" because he has "heard of and seen retaliation against other inmates" who have filed complaints naming prison officials as defendants. Mot. Prevent Retal. 1, ECF No. 18. Plaintiff is primarily concerned that prison officials will retaliate against him by halting his pending transfer to a transitional center or actively transferring him to a less favorable institution. *Id.* at 1-2. Plaintiff thus seeks an order protecting him from a transfer to another prison as well as the loss of his work detail or other privileges, "unwarranted" shakedowns or segregation, or "any other harassment or retaliation" by prison officials. *Id.* at 2.

The Court construes Plaintiff's motion as one for a preliminary injunctive relief. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to a preliminary injunction or TRO include: "(1) a substantial likelihood of success on the merits; (2) the TRO or preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO or preliminary injunction would cause to the non-movant; and (4) the TRO or preliminary injunction would serve the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam).

Plaintiff does not clearly address these factors in his motion, but it is apparent that preliminary injunctive relief is not necessary to prevent irreparable injury in this case.

Plaintiff does not contend that he is presently experiencing retaliation or allege any facts suggesting that retaliation against him is imminent. To the contrary, when Plaintiff expressed his concerns to his counselor, "she promised [Plaintiff he] would not be transfer[r]ed to another prison," that he was "not a problem," and that he is "safe." *Id.* In addition, at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Plaintiff's motion (ECF No. 18) is therefore **DENIED.**

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to appeal to the Eleventh Circuit Court of Appeals (ECF No. 16) is **DENIED**, but the Court construes this motion as objections to the Order denying counsel and overrules those objections. Plaintiff's pending motion to amend (ECF No. 17) is **DENIED as moot**, and Plaintiff is directed to promptly file an amended complaint if he wishes to do so as a matter of right. Plaintiff's motion for an order to prevent retaliation (ECF No. 18) is **DENIED**.

**SO ORDERED**, this **29th** day of **April, 2019**.

_____

s/Clay D. Land_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA