# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| ROBERT RALPH DIPIETRO, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 4:18-CV-00179-CDL-MSH |
| JAMES F. BARRON, *et al.*, | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Robert Ralph DiPietro, a prisoner currently confined at the Rutledge State Prison ("RSP") in Columbus, Georgia, has filed two motions for reconsideration of the Court's April 29, 2019 Order denying Plaintiff's request for appointed counsel and a temporary restraining order ("TRO") in this case (ECF Nos. 27, 28). For the following reasons, these motions are **DENIED.**

## ANALYSIS

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

### I. Motion to Reconsider Denial of Appointed Counsel

Plaintiff first asks the Court to reconsider its decision to deny appointed counsel in this case. Plaintiff primarily contends that without counsel, he cannot provide the court

with a complete, accurate amended complaint because he has "limited time and resources at this prison's law library" and he is unsure how to join various parties and claims. *See, e.g.,* Mot. Recons. 3, ECF No. 27.

Plaintiff has not provided the Court with grounds to reconsider its previous decision that no exceptional circumstances merit the appointment of counsel at this time. Plaintiff's motion largely rehashes the arguments he already made in his initial motion for appointed counsel. A motion for reconsideration should not be used to relitigate matters already decided or present new arguments that could have been earlier raised. *Cf., e.g., Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012) (per curiam) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."). Thus, the Court declines to address any arguments Plaintiff previously made.

Plaintiff does not identify any changes in the law or new evidence that justifies his motion for reconsideration, and the Court thus presumes that Plaintiff believes the Court's prior order was based on an erroneous finding of law or fact. Plaintiff first attempts to supplement his request for appointed counsel with specific instances where his limited access to prison law library resources has "harmed" him. *See, e.g.,* Mot. Recons. 3-5, ECF No. 27. In each example he cites, however, his argument boils down to the assertion that "having an attorney would be helpful to [Plaintiff]." *Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 956 (11th Cir. 2016) (per curiam). As the Court has already observed, while it may be true that Plaintiff could benefit from the assistance of counsel, the same "is

true of many pro se litigants and does not constitute an exceptional circumstance" requiring the appointment of counsel. *Id.*

Plaintiff also contends that the Court overlooked that Plaintiff is "currently still severely depressed, with severe anxiety" and therefore "not able to keep up with the demands of this and the other law suit." Mot. Recons. 7, ECF No. 27. Plaintiff also states that he is "about to have a nervous breakdown because of the pressure of these two lawsuits." *Id.* Again, however, "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam). Contrary to his assertions, Plaintiff has been able to "keep up" with the filings in this case, and he has also managed to file multiple motions for extension of time, a motion for appointed counsel, a motion for reconsideration, and a 33-page brief in his appeal in his other case. *See generally DiPietro v. Med. Staff at Fulton Cnty.*, Appeal No. 18-13757 (11th Cir. Sept. 7, 2018). His filings in this case are articulate and adequately convey the essential merits of his position to the Court. Plaintiff has therefore failed to show that his anxiety and depression warrant the appointment of counsel.

To the extent Plaintiff wishes to add various claims and parties to his lawsuit and requests that the Court assist him with this process, Mot. Recons. 4-5, ECF No. 27, this Court cannot provide Plaintiff with legal advice specific to his case or "serve as *de facto* counsel" for Plaintiff. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3

Plaintiff, like any other litigant, must comply with the Federal Rules of Civil Procedure concerning joinder of parties and claims. *See* Fed. R. Civ. P. 18, 20.[1] Generally speaking, these rules provide that a plaintiff may set forth only related claims in a single lawsuit. A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Though Plaintiff has stated that he does not presently know the identity of some of the individuals he wishes to name in his amended complaint, he may move to amend and seek to add those individuals as parties if he learns their names during discovery. *See* Fed. R. Civ. P. 15.

Finally, to the extent Plaintiff contends that the Court erred by assigning this case to the Magistrate Judge, 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 permit a district judge to designate a case to a magistrate judge to hear and determine all pretrial matters pending before the Court, except for dispositive motions. The Magistrate

---

[1] According to a search of the U.S. District Web PACER Docket Report, Plaintiff does not appear to have any other civil actions pending in this Court or any other federal district court. As mentioned above, Plaintiff does have an appeal pending before the Eleventh Circuit Court of Appeals. *DiPietro v. Med. Staff at Fulton Cnty.*, Appeal No. 18-13757 (11th Cir. Sept. 7, 2018). Plaintiff cannot "consolidate" the above-captioned action into his pending appeal. *See* Fed. R. Civ. P. 42.

Judge will make a recommendation to the undersigned District Judge concerning any dispositive motions, including motions to dismiss for failure to state a claim, for summary judgment, and for injunctive relief.[2] Pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to have the Magistrate Judge conduct *all* proceedings in this case, to include a jury or non-jury trial, and to enter the final judgment in this case. If Plaintiff wishes to consent to the Magistrate Judge conducting all proceedings in this case, he should follow the directions on the consent form to which he refers in his motion for reconsideration.

## II. Motion to Reconsider Denial of TRO

Plaintiff has also filed a motion for the Court to reconsider his request for a TRO. In this motion, Plaintiff contends that when his counselor reassured him that he would be "safe" no one at RSP knew Plaintiff "had a pending lawsuit against employees at RSP." Mot. Recons. 1-2, ECF No. 28. Plaintiff states that since Defendants have now been served, he has been the victim of retaliation. *Id.* at 2. More specifically, Plaintiff alleges that his cell was shaken down and his property taken "for no reason"; he was not given an incentive meal; and he was denied a transfer to a transitional center. *Id.* at 2-3.[3] Plaintiff

---

[2]Plaintiff also states that he "never received a 'Report and Recommendation' from the court on [his] case." Mot. Recons. 12, ECF No 27. The Magistrate Judge ordered service of Plaintiff's Complaint after screening Plaintiff's claims pursuant to 28 U.S.C. § 1915A and § 1915(e). Because the Magistrate Judge has not yet decided any dispositive motions, there have not yet been any recommendations filed in this case. In an abundance of caution, however, the Clerk is **DIRECTED** to send Plaintiff another copy of the Magistrate Judge's May 27, 2019 Order (ECF No. 11).

[3]Plaintiff also appears to suggest that retaliation may warrant the appointment of counsel. *See, e.g.,* Mot. Recons. 9-10, ECF No. 27. Plaintiff does not allege, however, that the cell

5

therefore again requests that the Court grant him a TRO requiring Defendants to stop retaliating against him. *See id.* at 3-4.

Plaintiff has again failed to demonstrate that an adequate basis for reconsideration exists. Even assuming the Court misunderstood Plaintiff's counselor's statement that Plaintiff would be "safe" at RSP, Plaintiff is not entitled to the relief he seeks. The Court simply cannot issue an order directing prison officials to stop retaliating against him. *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible."). And to the extent Plaintiff contends that prison officials at RSP are now retaliating against him because he filed this lawsuit, he may move for leave to supplement his complaint to include such claims. *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not alleged an adequate basis for reconsideration of the Court's previous order denying his request for appointed counsel and a TRO. Accordingly, Plaintiff's motions for reconsideration (ECF Nos. 27,

---

shakedown, the denial of a meal, or the denial of a transfer have affected his ability to prosecute this case. Moreover, as noted above, any potential acts of retaliation can be addressed as this case proceeds. Thus, the alleged retaliation experienced by Plaintiff is not an exceptional circumstance that justifies appointing counsel at this stage.

28) are **DENIED.**

**SO ORDERED**, this **27th** day of **June, 2019**.

          s/ Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA