**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **ROBERT RALPH DIPIETRO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | **NO. 4:18-CV-00179-CDL-MSH** |
| **JAMES F. BARRON, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER</u>

*Pro se* Plaintiff Robert Ralph DiPietro, a prisoner currently confined at the Rutledge State Prison ("RSP") in Columbus, Georgia, has filed a motion seeking "clarification" and an extension of time to respond to the Court's October 25, 2021 Order denying leave to proceed *in forma pauperis* on appeal. In this document, Plaintiff also again requests the appointment of counsel. For the following reasons, Plaintiff's motion (ECF No. 205) is **DENIED**.

Plaintiff first states that he "received a request from this court in this case asking for the exact same documents [he] had sent in the v. Cooper case, that [he] requested the court use in both cases." Mot. 1, ECF No. 205. Plaintiff thus requests clarification as to whether this Court will accept the already-filed financial documents for the purposes of determining his status to appeal *in forma pauperis* in this case. *Id.* The Court, however, has already denied Plaintiff's motion to appeal *in forma pauperis* on grounds that Plaintiff's appeal is not taken in good faith. As such, this Court does not require—and has not requested—that Plaintiff submit any additional documents concerning his indigence.

Plaintiff next "object[s] to the courts order dated 10-25-21" and "request[s] a 60 day extension for research into this matter or an attorney."   Mot. 2, ECF No. 205.   Because the October 25, 2021 Order was entered by a district court judge, not a magistrate judge, Plaintiff does not have the right to "object" to that Order.   *See* 28 U.S.C. § 636(b)(1) (explaining that a litigant may "serve and file written objections" to the proposed findings and recommendations of a magistrate judge, after which a district judge will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").   Thus, to the extent Plaintiff requests an extension of time and appointed counsel so that he may "object to the order and try to overcome the courts denial of [his] status as in forma pauperis and the finding of [his] appeal as frivolous," Mot. 3, ECF No. 205, his requests are **DENIED as moot.**[1]

Plaintiff also contends that he "did not brief [his] notice of appeal or provide a 'statement of issues' because [he] did not know [he] was supposed to."   Mot. 2, ECF No. 205.   The fact that Plaintiff did not know of the requirement to file a statement of issues does not excuse his failure to do so.   "[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).   And the courts "have never

---

[1] To the extent Plaintiff's request for counsel can be construed as seeking appointed appellate counsel, his filing of a notice of appeal divests the Court of jurisdiction to consider such motion.   *See, e.g., Murray v. Artl*, 189 F. App'x 501, 504 (7th Cir. 2006) (holding that district court lacked jurisdiction to address request for appointed counsel where such request was made after litigant filed notice of appeal).

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). But while the Court may not excuse Plaintiff's procedural errors, Plaintiff's *pro se* pleadings must still be liberally construed. *See id.* As such, the Court will treat Plaintiff's motion as one seeking reconsideration of the October 25, 2021 Order denying Plaintiff leave to appeal *in forma pauperis.*

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). In this case, however, nothing in the Court's review of Plaintiff's motion, the forty pages of objections filed by Plaintiff (ECF Nos. 194, 196), and the 107-page recommendation by the United States Magistrate Judge (ECF No. 191)—among other things—suggests that any of these bases for reconsideration apply. Rather, this review again demonstrates to the Court that there are no arguable issues on appeal and that Plaintiff's appeal is therefore not taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Moreover, Plaintiff's contention that he should not have to "re-certify" his status as a litigant proceeding *in forma pauperis* lacks merit. Mot. 2, ECF No. 205. Even if a party is permitted to proceed *in forma pauperis* in a district court action, he may not proceed *in forma pauperis* in the appellate court if the district court "certifies that the appeal is not

3

taken in good faith."   Fed. R. App. Proc. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3).

For these reasons, to the extent Plaintiff's motion can be construed as seeking reconsideration of the Court's Order denying leave to proceed *in forma pauperis* on appeal, Plaintiff's motion (ECF No. 205) is **DENIED.**   The Court notes, however, that "[i]f the District Court finds the application is not in good faith, and therefore denies leave to appeal in forma pauperis, the [litigant] may seek identical relief from the Court of Appeals." *Coppedge*, 369 U.S. at 445-46; *see also* Fed. R. App. Proc. 24(a)(4)-(5) (permitting litigant to "file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days" of service of the district court's order denying a motion for leave to appeal *in forma pauperis*).   To the extent Plaintiff seeks additional direction concerning his statement of issues on appeal or any other legal issue, however, the Court cannot provide Plaintiff with legal advice specific to his case or "serve as *de facto* counsel" for Plaintiff.   *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**SO ORDERED**, this **7th** day of **December, 2021**.


S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA